UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILFREDO ALEXANDER GIRON,<br><br>Petitioner,<br><br>-against-<br><br>WARDEN, METROPOLITAN DETENTION CENTER BROOKLYN; FIELD OFFICE DIRECTOR, NEW YORK CITY FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, Secretary of Homeland Security; and TODD BLANCHE, Attorney General of the United States,<br><br>Respondents. | **MEMORANDUM & ORDER**<br>26-CV-5497 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

On August 20, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner Wilfredo Alexander Giron in Wallkill, New York. Petitioner was ultimately transferred to the Metropolitan Detention Center in Brooklyn, where he remains detained. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 (Petition; "Pet.").[1] For the reasons that follow, his Petition is DENIED to the extent it challenges the constitutional adequacy of the initial custody determination, and DISMISSED for lack of jurisdiction to the extent it asks the Court to review the discretionary determinations made during Petitioner's initial custody determination.

[1] Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF"), except when quoting to transcripts, where the Court cites to the original page number on the native document.

## BACKGROUND[2]

Petitioner is a citizen of Guatemala who initially entered the United States without inspection on or around August 10, 2010. *See* Pet. ¶ 9; ECF No. 6 at 1–2 (Government's Response to Order to Show Cause; "Resp."). Between May 2018 and June 2023, Petitioner was arrested, convicted, and sentenced for three separate offenses of driving while intoxicated. *See* Resp. at 2. Petitioner was previously arrested pursuant to warrant and placed into removal proceedings by ICE on December 14, 2023, at which time Petitioner was served the Form I-200, a Notice to Appear, and a Form I-862. *See* ECF No. 6-1 ¶¶ 8–9 (Declaration of Deportation Officer James Shannon); ECF No. 6 at 21–42. Petitioner was then released pursuant to an Order of Release on Recognizance ("OREC"). *See id.* ¶ 10; ECF No. 6 at 43–47.

ICE issued a warrant for Petitioner's most recent arrest on July 29, 2026. *See* ECF No. 6 at 2, 53. On August 20, 2026, a person contacted Petitioner's wife claiming to be a customer seeking construction work and provided an address where the work was to be performed. *See* Pet. ¶ 23; Resp. at 2. When Petitioner arrived at the address in Wallkill, New York, ICE officers took Petitioner into custody. *See* Pet. ¶ 23; Resp. at 63. Approximately two hours and forty minutes after Petitioner's arrest, ICE completed an initial custody determination and elected to detain Petitioner because he had not met his burden to establish that he was not a danger to persons and property and not a flight risk. *See* Resp. at 2, 55–58. ICE also canceled the OREC connected to Petitioner's December 2023 arrest. *See* Resp. at 2.

Approximately six days after his 2026 arrest, Petitioner submitted and then withdrew a request for a custody redetermination hearing. *See* Resp. at 66–67. Two weeks later, on

---

[2] The Court relies on evidence submitted by the parties in outlining the facts relevant to this Order. The facts recited here are undisputed unless otherwise noted. *See O.F.B. v. Maldonado*, 810 F. Supp. 3d 394, 398 n.2 (E.D.N.Y. 2025).

September 9, 2026, Petitioner submitted a petition for a writ of habeas corpus in the District of New Jersey.[3] *See* Resp. at 7–20; *Giron v. Warden*, No. 26-cv-11608 (DNJ). One week later, on September 16, 2026, Petitioner initiated the instant action by filing a petition for a writ of habeas corpus. *See generally* Pet. Petitioner argues: (1) to the extent he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), that detention is contrary to law and (2) detention "without an individualized custody determination violates his rights under the Due Process Clause of the Fifth Amendment." *Id.* at 6–7.

That same day, the Court issued an Order to Show Cause, directing the government to show cause "why the petition should not be granted, and why Respondents should not be ordered to immediately release Petitioner from detention, in light of the Second Circuit's holding in *Barbosa da Cunha v. Freden*, 175 F.4th 61, 96 (2d Cir. 2026)," and directing the government to "address whether Petitioner is being detained pursuant to 8 U.S.C. § 1225 or § 1226." *See* September 16, 2026, Text Order.

The government filed its response on September 21, 2026, in which it sets forth its position that "Petitioner is properly detained pursuant to 8 U.S.C. § 1226(a)." Resp. at 3. The government notes that ICE officers "considered Petitioner's criminal record in assessing whether Petitioner presented a danger to persons or property" and "concluded that Petitioner was a flight risk because he had no stable residence or employment," and argues, therefore, that the facts of this case are distinguishable from those in *Quille v. Blanche*, No. 26-cv-2818, 2026 WL 1453889

---

[3] Petitioner filed his earlier habeas petition on the same day he was transferred to the Metropolitan Detention Center in Brooklyn. *See* Resp. at 18; ECF No. 6-1 ¶ 22. The government represents that it has moved to transfer that action to this District. *See* Resp. at 1. The pendency of that action does not prevent the Court from deciding the instant Petition, as Petitioner was confined in this District when he filed the Petition and remains so, making this District the proper forum. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

(E.D.N.Y. May 22, 2026). Resp. at 4. The government also argues that the record "establishes that ICE afforded Petitioner all process that was due before detaining him, including charging Petitioner by NTA and issuing a warrant for Petitioner's arrest before taking Petitioner into custody." Resp. at 5. Petitioner did not file a reply.

## LEGAL STANDARD

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025). A petition for a writ of habeas corpus under Section 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

Particularly relevant here is the Second Circuit's recent decision in *Barbosa da Cunha*, 175 F.4th 61. There, the Circuit held that Section 1226(a), not Section 1225(b)(2)(A), applies to noncitizens like Petitioner who entered the United States without inspection and admission and were not apprehended at or near the border at the time of entry. *Id.* at 86, 96.

## DISCUSSION

Petitioner argues that his detention is unlawful because (1) to the extent it is done under Section 1225(b)(2)(A), it is contrary to law and (2) detention "without an individualized custody determination violates his rights under the Due Process Clause of the Fifth Amendment." Pet. at 6–7. He requests that the Court "Order Respondents to provide [him] with an individualized

bond hearing before an immigration judge," or, in the alternative, "order Petitioner released from custody." *Id.* at 8.

Petitioner's arguments do not hold water. To begin, the government is clear in its position that "Petitioner is properly detained pursuant to 8 U.S.C. § 1226(a)." Resp. at 3. Next, Petitioner seems to challenge the sufficiency of ICE's initial custody determination by arguing that "[t]he Government has no legitimate interest in the continued incarceration of a person it cannot show to be a flight risk or a danger." Pet. ¶ 40. This argument, too, fails. In its response, the government represents that, on the day Petitioner was arrested, "ICE completed an initial custody determination, deciding to detain Petitioner because Petitioner had not met his burden to establish that he was not a danger to persons and property and not a flight risk." Resp. at 2, 55–58 (INA § 236(a) Initial Custody Determination form, dated August 20, 2026).

This determination matters. Indeed, Section 1226(e) provides that "discretionary judgment regarding the application of [Section 1226] shall not be subject to review," and that "[n]o court may set aside any action or decision . . . regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e); *Arevalo-Guasco v. Dubois*, 788 F. App'x 25, 27 (2d Cir. 2019) (finding Section 1226(e) precludes judicial review of an agency's discretionary decision regarding whether petitioner is a danger to the community); *Ramirez v. Genalo*, No. 26-cv-3229, 2026 WL 1815771, at *5 (E.D.N.Y. June 24, 2026) (same).

Of course, Section 1226(e) does not bar the Court from "assess[ing] whether and how correct procedures were applied at all . . . and ultimately, whether [Petitioner]'s detention comports with due process." *See Pastrana-Beltran v. Mullin*, No. 26-cv-2657, 2026 WL 1398609, at *3 (E.D.N.Y. May 19, 2026) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). But the Court has assessed the relevant procedures applied here and, based on the available

record, concludes that Petitioner's detention pursuant to Section 1226, the initial custody determination, and other procedural aspects comport with due process.

Petitioner seems to take issue with the fact that ICE determined he was a danger to the community and that he poses a flight risk. Here, in the section of the custody form titled "Danger to the Persons or Property," the officer determined that Petitioner did not establish that he did not pose a danger to the community because "[Petitioner] has 3 previous Driving While Intoxicated convictions (2018, 2020, 2022) for which bench warrant[s] issued and [was] arrested by probation in 2024 after release from ICE on OREC." *See* Resp. at 57. Such a discretionary determination, rooted in Petitioner's criminal history, is beyond this Court's review. *Arevalo-Guasco*, 788 F. App'x at 27.

Because "[a] district court has no authority to review ICE's discretionary determinations made under [Section 1226(e)] or otherwise question their propriety," *Fontanelli as Next Friend of Bernal Garcia v. Francis*, No. 25-cv-7715, 2025 WL 2773234, at *4 (S.D.N.Y. Sept. 29, 2025), ICE's determination that Petitioner poses a danger to the community is not subject to review, *see Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 494 (S.D.N.Y. 2025) (expressly not reaching whether government's proffered basis in its decision to detain [petitioner] is substantively inadequate in some respect," and noting the government "has wide latitude with respect to its discretion in this regard that is not subject to second-guessing by this Court").[4]

---

[4] Because the INA § 236(a) Initial Custody Determination form instructs that "[o]nly if the noncitizen has satisfied the immigration officer that he or she is not a danger to property or persons should the officer proceed to a flight risk analysis," the Court does not address the arguments concerning ICE's determination that Petitioner is a flight risk. Nevertheless, the Court notes that nowhere in the Form I-213 from Petitioner's arrest does it indicate that Petitioner was asked about his residency. *See* Resp. at 62–65. The officer's determination that Petitioner was a flight risk based on his having "no stable residence," *see id.* at 58, thus appears to be conjured up from nothing, while the reasoning that Petitioner was a flight risk because he is

## CONCLUSION

For these reasons, the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED to the extent it challenges the constitutional adequacy of the initial custody determination, and DISMISSED for lack of jurisdiction to the extent it asks the Court to review ICE's discretionary determinations made during Petitioner's initial custody determination.

For the avoidance of doubt, nothing in this Order shall be construed as a determination of Petitioner's right to seek custodial redetermination before an Immigration Judge ("IJ") or an individualized bond hearing before an IJ. At any such hearing, the IJ shall meaningfully consider alternatives to detention and Petitioner's ability to pay if a monetary bond is set, and the government will have the burden of showing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk. *See J.C.G. v. Genalo*, No. 24-cv-08755, 2025 WL 88831, at *7 (S.D.N.Y. Jan. 14, 2025) (collecting cases where courts ordered that the government bear the burden of demonstrating by clear and convincing evidence that discretionary detention was justified); *see also Mendoza Raymundo v. Almodovar*, No. 26-cv-02304, 2026 WL 1480372, at *5 (E.D.N.Y. May 27, 2026) (same).

The Clerk of Court is respectfully directed to mail a copy of this Order to Petitioner at the address provided on the docket, enter judgment consistent with this Order, and close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 7, 2026

---

a "flight risk," *see id.*, is an *ipse dixit*. Practically, however, this makes little difference for Petitioner because the other reasons for his detention in the initial custody determination form are constitutionally adequate.